UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOWNSHIP OF FRUITPORT,                )
                          Plaintiff,      )
                                      )          No. 1:26-cv-813
-v-                                   )
                                      )          Honorable Paul L. Maloney
MATTHEW J. CREHAN,                    )
                          Defendant.      )
                                      )

## ORDER OF REMAND

Defendant Matthew Crehan removed this lawsuit from the 60th District Court in Muskegon County, Michigan.  Having reviewed the notice of removal and the attached exhibits, the court finds that Defendant has failed to establish subject-matter jurisdiction and will remand the matter to the state district court.

Defendant contends the Township posted a civil infraction citation on his front door on August 25, 2025 (ECF No. 1-2 PageID.5).  He claims that during an informal hearing held on September 30, 2025, he requested a formal hearing (*id.*).  Based on these statements, the court assumes the lawsuit began in 2025.  The court notes that the case number assigned to the lawsuit, 25FP11602-ON, indicates it began in 2025.  The first two numbers refer to the year the lawsuit began.  The last two letters, ON, is the case code used by the state district courts for non-traffic ordinance civil infractions.

In January 2026, Defendant filed a motion to suppress (ECF No. 1-1 PageID.3).  Defendant argues the officers trespassed on his property.  The officers did not have a warrant and the photographs the officers took of the property suggest that they exceeded the scope

of any entry permitted by law.  Defendant asserted a defense under the Fourth Amendment and argued that the evidence against him must be excluded (*id.* PageID.7-9).  The City filed its response on March 6, 2026 (ECF No. 1-4).  In the response, the City argues it officers did not trespass and did not violate the Fourth Amendment.

Defendant removed this lawsuit based on the City's response, arguing that the response made the action removable (ECF No. 1 PageID.2).

"Federal courts are courts of limited jurisdiction and the law presumes that a cause of action lies outside this limited jurisdiction." *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014) (citation modified; quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  As the party invoking federal jurisdiction by removing this lawsuit, Defendant bears the burden of establishing jurisdiction.  *Id.*  Federal courts have an on-going obligation to examine whether they have subject-matter jurisdiction over an action and may raise the issue *sua sponte.  See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *Arbaugh v Y&H Corp.*, 546 U.S. 500, 506 (2006).

Federal courts have original jurisdiction over lawsuits raising causes of action under federal law.  28 U.S.C. § 1331.  Because both parties are from Michigan, Defendant cannot rely on the diversity statute, 28 U.S.C. § 1332.  "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issued of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  A defendant may remove a civil lawsuit from state court to federal court when the federal court would have original jurisdiction.  28 U.S.C. § 1441(a).

"[A] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of State of California v. Constr. Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10 (1983); *see Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) ("Federal question jurisdiction under 28 U.S.C. § 1331 is proper 'only when a federal question is presented on the face of the plaintiff's properly plead complaint.'") (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 (1987)).  "[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, ..., even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. a 393; *see Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("federal jurisdiction cannot be invoked on the basis of a defense or a counterclaim").

Defendant has not established that this court has subject matter jurisdiction over this ordinance infraction lawsuit.  Whether this court have jurisdiction depends on the complaint, which Defendant did not file.  Defendant relies instead on the Township's response to his motion to suppress and he points to the constitutional questions.  But Defendant raised the constitutional issues as a defense, which cannot provide the basis for jurisdiction or removal. Even if the complaint did raise a federal question, the court would still remand the matter because Plaintiff waited too long to file the notice of removal.  *See* 28 U.S.C. § 1446(b).

Accordingly, the court **REMANDS** this matter to the 60th District Court for lack of subject matter jurisdiction.  **IT IS SO ORDERED.**

Date:    March 18, 2026                          /s/  Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge

3